# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JERAMIA K. GILLESPIE,<br><br>    Plaintiff,<br><br>vs.<br><br>CORNELL SMITH, BRENT MITCHELL, JOHN BALDWIN, DENNIS MOENCH,<br><br>    Defendant. | No. C07-3033-LRR<br><br>INITIAL REVIEW ORDER |

## *I. INTRODUCTION*

This matter is before the court following transfer from the United States District Court for the Southern District of Iowa. Such transfer occurred on April 30, 2007. The Clerk of Court filed the case in this district on May 4, 2007. Prior to the case being transferred or on April 23, 2007, the plaintiff submitted an application to proceed in forma pauperis, an application for appointment of counsel and a complaint pursuant to 42 U.S.C. § 1983.

## *II. IN FORMA PAUPERIS APPLICATION*

Based on the application and certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. The plaintiff shall submit $.63 as his initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2); *see also* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). The agency having custody of the plaintiff shall forward

payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

### III. THE PLAINTIFF'S COMPLAINT

Currently confined at Newton Correctional Facility in Newton, Iowa, the plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress the alleged deprivation of his constitutional rights while confined at the Fort Dodge Correctional Facility in Fort Dodge, Iowa. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff states:

> During my incarceration at [the Fort Dodge Correctional Facility,] a food service coordinator sexually [harassed] me. He would proposition me, he bribed me to talk sexual to him, he would tell me sexual things about himself. He manipulated his position of authority to get me to write him sexual letters. Before it could progress into anything further, an investigation was initiated. I lost my job in the kitchen. Mr. Moench continued the inappropriate "relationship" by finding excuses to come to my living unit and talk to me. Sometimes as early as 8 a.m. I was released in May 2006 and returned to [the Fort Dodge Correctional Facility] in [December] 2006. I avoided contact with Mr. Moench until he came to my unit and got my cell door opened under the lie of talking to me about a job. Mr. Moench bribed me with [contraband] such as lighters, alcohol and more. He bribed me into writing sexual letters. Cornell Smith, Warden at [the Fort Dodge Correctional Facility], failed to protect me from this sexual assault by not relieving Mr. Moench and other staff known or suspected of such non-professional relationships. Brent Mitchell is Mr. Moench's direct supervisor, and [he] failed to protect me by his lack of supervision and [discipline] of his staff. John Baldwin failed to protect me by letting me be sent back to [the Fort Dodge Correctional Facility] after there being an investigation of this "non-professional" relationship

> between me and Mr. Moench and failing to prevent the sexual assaults by his employees . . .

In the relief portion of his complaint, the plaintiff states:

> I would like compensation in the [amount] of $250,000.00 for the mental and physical stress directly related to Mr. Moench's manipulation of his authority and the constant sexual [harassment]/assault and the lack of the other defendants protecting me [and] others from these situations.

## IV. DISCUSSION

### A. Standard of Review

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). Accordingly, a court may review the complaint and dismiss sua sponte those claims that are premised on meritless legal theories or that clearly lack any factual basis. *See id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

### B. Overview of Civil Rights Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983, in relevant part, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by

3

Case 3:07-cv-03033-LRR   Document 7   Filed 07/03/07   Page 3 of 10

>> the Constitution and laws, shall be liable to the party injured
>> in an action at law, suit in equity, or other proper proceeding
>> for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### *C. The Plaintiff's Claims*

Given the facts alleged in the instant complaint, it is clear that the plaintiff does not state a viable claim under 42 U.S.C. § 1983.[1] Regarding Dennis Moench, the court,

---

[1] It does not appear from the complaint that the plaintiff exhausted his administrative remedies prior to commencing the instant action. *See* 42 U.S.C. § 1997e(a); *see also*
(continued…)

assuming the plaintiff's allegations are true, does not condone the use of offensive language. Nonetheless, the court is unable to say as an objective matter that using sexually explicit language when conversing with the plaintiff caused "pain." *See Frietas v. Ault*, 109 F.3d 1335 (8th Cir. 1997) ("To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (allegations of verbal abuse or threats, without more, are not constitutional violations cognizable under 42 U.S.C. § 1983); *Ellingberg v. Lucas*, 518 F.2d 1196 (8th Cir. 1975) (per curiam) (name calling not a constitutional violation); *Risdal v. Martin*, 810 F. Supp. 1049 (S.D. Ia. 1993) (verbal taunts and harassment not sufficiently inhumane or barbarous as to amount to cruel and unusual punishment).

To the extent that the plaintiff complains about losing his prison job, such complaint is insufficient because the loss of a prison job or compensation that is derived from such job does not violate any constitutional right. *See Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983) (absent substantive limitation on employer's

---

[1](…continued)
*Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) (stating exhaustion in cases covered by 42 U.S.C. § 1997e(a) is mandatory); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (concluding dismissal required when inmate has not administratively exhausted before filing lawsuit in district court); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) ("The [requirements of 42 U.S.C. § 1997e(a)] are clear: if administrative remedies are available, a prisoner must exhaust them."); *cf. Jones v. Bock*, ___ U.S. ___, ___, 127 S. Ct. 910, 919-22, 166 L. Ed. 2d 798 (2007) (concluding that a plaintiff should be allowed to proceed on exhausted claims even though all of the claims are not exhausted). Indeed, the plaintiff admits that "the incident took place in [the] Fort Dodge Correctional Facility [and he] was transferred out of [the Fort Dodge Correctional Facility] before [he] could begin the grievance procedure." Nevertheless, nothing prevents the court from reviewing the merits of the plaintiff's claims. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (finding exhaustion requirements under 42 U.S.C. § 1997e(a) not met and dismissing case under 42 U.S.C. § 1997e(c)).

5

discretion, there is no protectible liberty interest in continued employment); *McCaslin v. Cornhusker State Indus.*, 51 F.3d 277 (Table), 1995 U.S. App. LEXIS 7485, *1-4, 1995 WL 141732, *1-2 (8th Cir. 1995) (reviewing action where plaintiff alleged she was terminated from her prison job because of sexual harassment by another inmate) (affirming the district court's dismissal of the due process claim under 42 U.S.C. § 1983 because there is no constitutionally protected interest in continued prison employment); *Flittie v. Solem*, 827 F.2d 276, 278 (8th Cir. 1987) ("[I]nmates have no constitutional right to be assigned a particular job."); *Lyon v. Farrier*, 727 F.2d 766, 769 (8th Cir. 1984) (concluding an inmate has no constitutional right to a prison job nor to retain a particular job); *Peck v. Hoff*, 660 F.2d 371, 373 (8th Cir. 1981) (determining inmate had no legal entitlement or right to particular job assignment).

Concerning the remaining defendants, the plaintiff's failure-to-protect claims are without merit.

> The Eighth Amendment prohibits infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has held that the Eighth Amendment requires prison officials to take "reasonable measures to guarantee the safety of the inmates [and] . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994) (quotations omitted). In order to establish a constitutional violation, [a prisoner] must show: (1) that his incarceration . . . posed a substantial risk of serious harm (objective component), and (2) the . . . officials actually knew of but disregarded, or were deliberately indifferent to, [his] health or safety (subjective component). *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003); *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). . . . To satisfy the subjective element of [his] Eighth Amendment claim, the . . . officials "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Farmer*, 511 U.S. at 837. "In short, [a prisoner] must show that [the officials] acted, or failed to act, with 'deliberate indifference' to [his

6

> safety]." *Pagels*, 335 F.3d at 740 (quoting Farmer, 511 U.S.
> at 837). "'Deliberate indifference includes something more
> than negligence but less than actual intent to harm'; it requires
> proof of a reckless disregard of the known risk." *Jackson*,
> 140 F.3d at 1152 (quoting *Newman v. Holmes*, 122 F.3d 650,
> 653 (8th Cir. 1997)).

*Crow v. Montgomery*, 403 F.3d 598, 601-02 (8th Cir. 2005); *see also Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (setting forth failure-to-protect standard); *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004) (same); *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002) (same); *Spruce v. Sargent*, 149 F.3d 783, 785 (8th Cir. 1998) (same). As a matter of law, the facts alleged by the plaintiff do not establish a constitutional violation. The facts do not show that the plaintiff was incarcerated under conditions posing a substantial risk of serious harm. Indeed, nothing indicates that the plaintiff believed he was at a substantial risk of serious harm when he conversed and wrote to Dennis Moench. *See Berry*, 365 F.3d at 634 (concluding no substantial risk of serious harm). Moreover, the facts, at best, show that the defendants may have acted unreasonably when they failed to implement extra safeguards to insure that no inappropriate conversations occurred. Even if the defendants were unreasonable, "'reasonableness is a negligence standard' and negligence cannot give rise to an Eighth Amendment failure-to-protect claim." *Crow*, 403 F.3d at 602 (citing *Jackson*, 140 F.3d at 1152). Thus, the failure-to-protect claims fail.

Moreover, the plaintiff does not assert any physical injury as a result of the defendants' actions. Under the Prison Litigation Reform Act,

> [n]o Federal civil action may be brought by a prisoner
> confined in a jail, prison or other correctional facility, for
> mental or emotional injury suffered while in custody without
> prior showing of physical injury.

42 U.S.C. § 1997e(e); *see also Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (42 U.S.C. § 1997e(e) applies to all prisoner federal civil actions). Because he does not have the requisite physical injury to support a claim for mental or emotional suffering, the

plaintiff's action must be dismissed under 42 U.S.C. § 1997e(e). *See Smith v. Moody*, 175 F.3d 1025 (table) (8th Cir. 1999) (affirming dismissal of inmate's complaint, when inmate failed to allege any physical injury); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of inmate's claims pursuant to 42 U.S.C. § 1997e(e), where alleged physical injury was merely de minimis); *Todd v. Graves*, 217 F. Supp. 2d 958, 960-61 (S.D. Iowa 2002) (barring plaintiff from recovering compensatory damages for mental and emotional injuries because his physical injuries did not pass Prison Litigation Reform Act, specifically 42 U.S.C. § 1997e(e) de minimis test).

For the foregoing reasons, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

### *D. Other Application*

Having determined that it is appropriate to dismiss the instant action, the court shall deny as moot the application for appointment of counsel.

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis is granted.

(2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

(3) The agency having custody of the plaintiff is directed to submit $.63 as his initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid.

(4) The agency having custody of the plaintiff is directed to forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid.

(5) The plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) and/or 28 U.S.C. § 1915A(b)(1).

(6) The dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(7) The plaintiff's application for appointment of counsel is denied as moot.

**DATED** this 3rd day of July, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
**Newton Correctional Facility, Newton, Iowa**

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Jeramia K. Gillespie, #6190579, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Gillespie v. Smith, et al.*, Case No. C07-3033-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the prisoner account information, the court has assessed an initial partial filing fee of $.63, which the inmate must pay now to the Clerk of Court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). If the inmate currently does not have sufficient funds to pay the initial partial filing fee, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ Pridgen J. Watkins (by mj on 7/5/07)
_____
Pridgen J. Watkins
U.S. District Court Clerk
Northern District of Iowa